FILED
JUN 1 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NEFRETITI MAKENTA )
3952 First Street, SW )
Washington, DC 20032 )
      Plaintiff, )
)
)  Civil Action No.: _____
    v. )
)
AFFILIATED COMPUTER SERVICES )
State and Local Solutions, Inc. )
ACS Government Systems, Inc. )
1800 M Street, NW, 8th Floor, North Tower )
Washington, DC 20036 )
Serve: )
Registered Agent )
Corporation Service Company )
1090 Vermont Avenue, NW )
Washington, DC 20005 )

DISTRICT OF COLUMBIA ) CASE NUMBER  1:06CV01093
1350 Pennsylvania Avenue, NW )
Washington, DC 20036 ) JUDGE: James Robertson
Serve: )
Mayor Anthony Williams ) DECK TYPE: Civil Rights (non-employment)
Executive Office of the Mayor )
1350 Pennsylvania Avenue, NW ) DATE STAMP: 06/15/2006
Washington, DC 20005 )
Serve: )
Office of the Attorney General )
441 4th Street, NW, 6th Floor )
Washington, DC 20001 )
)
OFFICER DAVID CARTER )
Metropolitan Police Department )
300 Indiana Avenue, NW )
Washington, DC 20001 )
)
OFFICER KENNETH BOONE )
Metropolitan Police Department )
300 Indiana Avenue, NW )
Washington, DC 20001 )
      Defendants. )
_____ )

JURY ACTION

1

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441 and 1446, defendant District of Columbia to this Honorable Court the above action from the Superior Court of the District of Columbia (C.A. No. 06-2857), filed on April 12, 2006.

Causes of action "founded on a claim or right arising under the Constitution, treaties or laws of the United States" are removable without regard to the citizenship or residence of the parties. See 28 U.S.C. § 1441(b). In Count VI of the Complaint, plaintiff asserts federal constitutional claims under 42 U.S.C. § 1983. *See* Complaint, hereto attached.

Pursuant to 28 U.S.C. § 1446, parties have 30 days after the receipt of the complaint, through service or otherwise, to file its removal of an action to the Untied States District Court. The District of Columbia received a copy of the Summons and Complaint on or about May 23, 2006. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders received by undersigned counsel in this matter are attached hereto and incorporated by reference herein.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

By:  MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C. 20001
202-724-6649; 202-727-6295

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing notice of removal was mailed, postage prepaid, this 15th day of June, 2006 to:

Donald Temple, Esq.
Temple Law Offices
1229 15th Street, NW
Washington, DC 20005
*Attorney for Plaintiff*

MICHAEL P. BRUCKHEIM
Assistant Attorney General



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

NEFRETITI MAKENTA
Vs.                                               C.A. No.       2006 CA 002857 B
AFFILIATED COMPUTER SERVICES STATE & LOCAL

## **INITIAL ORDER**

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

    (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

    (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

    (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

    (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge PATRICIA A BRODERICK
Date:   April 12, 2006
Initial Conference: 9:30 am, Friday, July 14, 2006
Location:   Courtroom 112
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001

06 1093

FILED

JUN 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Caio.doc

CA Form 1

## Superior Court of the District of Columbia
CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

Nefretiti Makenta
3952 First Street, SW
Washington, D.C. 20032

*Plaintiff*

vs.

District Of Columbia

Serve on:                            *Defendant*
Office of the Attorney General
441 4th Street, NW
Washington, DC. 20001

0002857-06

Civil Action No. _____

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Donald M. Temple, Esq. [408749]
Name of Plaintiff's Attorney
1229 15th Street, NW

Address
Washington, D.C. 20005

(202) 628-1101
Telephone

By _____
Deputy Clerk

Date _____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

## DISTRICT OF COLUMBIA SUPERIOR COURT
### Civil Division

| | |
|---|---|
| Nefretiti Makenta<br>3952 First Street, SW<br>Washington, D.C. 20032<br><br>        Plaintiff,<br>   v.<br><br>Affiliated Computer Services<br>State & Local Solutions, Inc.<br>ACS Government Systems, Inc.<br>1800 M. Street, N.W.<br>8th Floor, North Tower<br>Washington DC 20036<br>Serve:<br>Registered Agent<br>Corporation Service Company<br>1090 Vermont Avenue NW<br>Washington DC 20005<br><br>DISTRICT OF COLUMBIA,<br>1350 Pennsylvania Avenue<br>Washington, D.C. 20005<br>Serve:<br>Mayor Anthony Williams<br>Executive Office of the Mayor<br>1350 Pennsylvania Avenue<br>Washington, D.C. 20005<br>Serve:<br>Office of the Attorney General<br>441 4th Street, NW<br>6th Floor<br>Washington, DC 20001<br><br>Officer David M. Carter<br>Metropolitan Police Department<br>300 Indiana Avenue, N.W.<br>Washington, DC 20001<br><br>Officer Kenneth Boone<br>Metropolitan Police Department<br>300 Indiana Avenue, N.W.<br>Washington, DC 20001<br><br>        Defendants. | Civil Action No.<br><br>0002857-06<br><br><br>RECEIVED<br>Civil Clerk's Office<br>APR 1 2 2006<br>Superior Court of the<br>District of Columbia<br>Washington, D.C. |

1

## COMPLAINT

COMES NOW Plaintiff, Nefretiti Makenta ("Makenta"), by and through undersigned counsel, and files this complaint for damages against Affiliated Computer Services State & Local Services, Inc./ ACS Government, Systems, Inc. ("ACS"), the District of Columbia Government ("D.C.") and District of Columbia Metropolitan Police Officers David M. Carter ("Carter") and Kenneth Boone ("Boone"). Plaintiff alleges the following in support of her claims.

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is invoked pursuant to §11-921 of the District of Columbia Code.

2. Venue is proper within the jurisdiction of the District of Columbia because Defendants are located in the District of Columbia and the incidents herein occurred in the District of Columbia.

## PARTIES

3. Plaintiff, Nefretiti Makenta ("Makenta"), was at all times herein a resident of the District of Columbia.

4. Defendant, Affiliated Computer Services, Inc. ("ACS"), is a corporation licensed to conduct business in D.C. and at the time of the incident was doing business with the D.C. government.

5. Defendant D.C. is municipal government operating under the D.C. Self Government Act.

6 Defendant David Carter was at all times referenced herein a District of Columbia Metropolitan Police Officer. He is being sued in his official and individual capacities.

2

7. Defendant Kenneth Boone was at all times referenced herein a District of Columbia Metropolitan Police Officer. He is being sued in his official and individual capacities.

## FACTS COMMON TO ALL COUNTS

8. On the early morning of April 12, 2005, Ms. Makenta was preparing to visit the George Washington University Media Center in the District of Columbia.

9. Plaintiff exited her vehicle and obtained change for a dollar from a nearby street vendor to deposit quarters in the parking meter. She immediately deposited a coin into the meter and it became stuck. Plaintiff attempted to insert another coin into the meter to force that coin down, but was unsuccessful.

10. Plaintiff then walked across the street to the George Washington University Media Center, located in the lower level of the library. The Media Center was closed. Ms. Makenta exited the library and was immediately confronted by four (4) men in plain clothes: two (2) ACS officers and two (2) D.C. Metropolitan police officers. The men accused her of obstructing the parking meter with paper—a violation of D.C. law- and told that she was under arrest.

11. Makenta was immediately detained, searched, handcuffed, photographed and charged with destruction of D.C. government property.

12. She was taken to the Second Police District where she was fingerprinted and placed in a cell.

13. She was detained overnight in a cold, steel paneled room on a metal bunk with no mattress.

14. Plaintiff, an accomplished journalist, had never been arrested before and was horrified by the experience.

15. At no time did Plaintiff intentionally do anything to obstruct or destroy government property (the parking meter). The allegation that she obstructed the parking meter was intentionally and/or recklessly falsified in order to secure her arrest and possibly for other reasons. The Superior Court of the District of Columbia dismissed all charges against Plaintiff on July 18, 2005.

16. Upon information and belief, at the time of the acts complained of herein, Defendants D.C. Government and ACS knew or should have known that their employees had previously arrested other innocent civilians in the same area, during the same time period, for similar unfounded parking meter offenses.

17. By virtue of its failure to discipline their police officers for making illegal arrests, Defendant D.C. encouraged its officers to conduct this unlawful arrest.

18. ACS also failed to discipline its employees thereby encouraging its employees to conduct unlawful arrests.

19. Through their acts and/or omissions, D.C. and ACS fostered and encouraged policies, customs and practices of unreasonable, aggressive, unlawful arrests and detentions without probable cause.

20. Plaintiff asserts the theory of *respondeat superior*.

21. Defendant ACS and its employees acted with malice and ill will at all times referenced herein.

## COUNT I
## FALSE IMPRISONMENT
(All Defendants)

22. Plaintiff incorporates by reference all of the allegations in paragraphs 1 through 21

as if fully set forth herein.

23. All Defendants unlawfully and without legal justification detained Plaintiff against her will.

24. As a direct and proximate result of her false imprisonment, Plaintiff suffered embarrassment, humiliation, mental anguish, emotional distress and loss of self-esteem.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enters:

(a) Judgment against all Defendants, jointly and severally, for compensatory damages in an amount in excess of two hundred fifty thousand dollars ($250,000);

(b) Judgment against Defendants ACS, Boone and Carter for punitive damages in an amount in excess of two hundred fifty thousand dollars ($250,000) each; and

(c) Judgment against Defendants for reasonable attorney fees, costs and such other relief as this Court deems just and proper.

### COUNT II
### **FALSE ARREST**
### (All Defendants)

25. Plaintiff incorporates by reference all of the allegations in paragraphs 1 through 24 as if fully set forth herein.

26. Defendants unlawfully and without legal justification arrested Plaintiff.

27. As a direct and proximate result of her false arrest, Plaintiff has suffered and will continue to suffer embarrassment, humiliation, mental anguish, emotional distress and loss of self-esteem.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enters:

(a) Judgment against all Defendants jointly and severally, for compensatory damages in

5

an amount in excess of two hundred fifty thousand dollars ($250,000);

(b)    Judgment against Defendants ACS, Boone and Carter for punitive damages in an amount in excess of two hundred fifty thousand dollars ($250,000) each; and

(c)    Judgment against Defendants for reasonable attorney fees, costs and such other relief as this Court deems just and proper.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(All Defendants)

28.    Plaintiff incorporates by reference all of the allegations in paragraphs 1 through 27 as if fully set forth herein.

29.    All Defendants engaged in extreme and outrageous conduct by falsely accusing Plaintiff of a crime to which she did not commit and arresting and detaining her.

30.    As a direct and proximate result of Defendants' actions, Plaintiff suffered embarrassment, humiliation, mental anguish and loss of self-esteem.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enters:

(a)    Judgment against all Defendants, jointly and severally, for compensatory damages in an amount in excess of two hundred fifty thousand dollars ($250,000);

(b)    Judgment against Defendants ACS, Boone and Carter for punitive damages in an amount in excess of two hundred fifty thousand dollars ($250,000) each.

(c)    Judgment against Defendants for reasonable attorney fees, costs and such other relief as this Court deems just and proper.

## COUNT IV
## DEFAMATION *PER SE*
(Defendant ACS)

31. Plaintiff incorporates by reference all of the allegations in paragraphs 1 through 30 into this Count as if more fully set forth herein.

32. Defendant ACS through its employees published a series of false statements directly to police that Plaintiff engaged in criminal behavior.

33. Defendant ACS's employees either knew or should have known that their representations were false and unsubstantiated.

34. Defendant ACS's statements to D.C. Police Officers about Plaintiff's criminality were defamatory *per se* and lowered Plaintiff's standing and reputation in the community.

35. As a direct and proximate result of Defendant ACS's false statements, Plaintiff suffered and continues to suffer severe embarrassment, humiliation, mental anguish and loss of self-esteem.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enters:

(a) Judgment against Defendant ACS for compensatory damages in an amount in excess of two hundred fifty thousand dollars ($250,000);

(b) Judgment against Defendant ACS for punitive damages in an amount in excess of two hundred fifty thousand dollars ($250,000); and

(c) Judgment against Defendant ACS for reasonable attorney fees, costs and such other relief as this Court deems just and proper.

## COUNT V
## FALSE LIGHT
(Defendant ACS)

36. Plaintiff incorporates by reference all of the allegations in paragraphs 1 through 35 into this Count as if fully set forth herein.

37. Defendant ACS's accusation that Plaintiff committed a criminal offense lowered Plaintiff's reputation by knowingly depicting her in a false light.

38. Defendant ACS's depiction of Plaintiff in a false light and as a criminal was highly offensive and defamatory.

39. Defendant ACS's published statement to the police about Plaintiff's criminality was made with reckless disregard for the truth and with direct knowledge that such statements were false.

40. As a direct and proximate result, Plaintiff suffered embarrassment, humiliation, mental anguish and loss of self-esteem.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enters:

(a) Judgment against Defendant ACS for compensatory damages in an amount in excess of two hundred fifty thousand dollars ($250,000);

(b) Judgment against Defendant ACS for punitive damages in an amount in excess of two hundred fifty thousand dollars ($250,000); and

(c) Judgment against Defendant for reasonable attorney fees, costs and such other relief as this Court deems just and proper.

## COUNT VI
## DEPRIVATION OF CIVIL RIGHTS
## 42 U.S.C. SECTION 1983
## VIOLATION OF DUE PROCESS
(All Defendants)

41. Plaintiff incorporates by reference all of the allegations in paragraphs 1 through 40 as if more fully set forth herein.

42. Plaintiff alleges that D.C. police officers, in concert with ACS employees, acted with malice, indifference and reckless disregard towards Plaintiff's physical security, in violation of her Fourth Amendment rights under the U.S. Constitution.

43. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff sustained substantial mental anguish.

44. As a further, direct and proximate result of Defendants' actions, Plaintiff suffered, extreme embarrassment, humiliation and mental anguish.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enters:

(a)   Judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of two hundred fifty thousand dollars ($250,000);

(b)   Judgment against Defendants ACS, Boone, and Carter for punitive damages in an amount in excess of two hundred fifty thousand dollars ($250,000) each; and

(c)   Judgment against Defendants for reasonable attorney fees, costs and such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury as to all issues.

Respectfully submitted,

Donald M. Temple # 408749
TEMPLE LAW OFFICES
1229 15th Street, NW
Washington, D.C. 20005
(202)628-1101

Counsel for Plaintiff
