**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NEFRETITI MAKENTA, :
:
    Plaintiff, :
:
v. :
: Civil Action No: 06-1093 (JR)
DISTRICT OF COLUMBIA, *et al.*, :
:
    Defendants. :
_____:

**DEFENDANTS' ANSWER TO THE COMPLAINT**

Defendants District of Columbia and David Carter answer the Complaint with particularity and in like-numbered paragraphs as follows:

**First Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

1.    Defendants admit the existence of the statutes cited in paragraph number 1 of the Complaint, but denies that jurisdiction is conferred upon this Court solely by reason thereon.

2.    Defendants admit that it is located in the District of Columbia and the incidents allegedly occurred in the District of Columbia, but denies that venue is conferred upon this Court solely by reason thereon.

3.    Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 3 of the Complaint. To the extent a response is required, defendants deny these allegations and demand strict proof at trial.

4.    Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 4 of the Complaint.

5. Defendants admit the allegation in paragraph number 5 of the complaint.

6. Defendants admit that David Carter was a police officer with the District of Columbia Metropolitan Police Department as alleged in paragraph number 6 of the complaint. No response is required as to the capacity in which he is sued.

7. Defendants admit that Kenneth Boone was a police officer with the District of Columbia Metropolitan Police Department as alleged in paragraph number 7 of the complaint. No response is required as to the capacity in which he is sued.

8. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 8 of the Complaint. To the extent a response is required, defendants deny these allegations and demand strict proof at trial.

9. Defendants admit that plaintiff visited a nearby street vendor, but lack sufficient knowledge or information to either admit or deny what her motivations for visiting the vendor were and/or whether she obtained any change from the vendor. Further answering, defendants deny that plaintiff immediately deposited a coin into the parking meter, but instead asserts that plaintiff put a piece of paper into the parking meter prior to placing any coins into the meter. Defendants admit that plaintiff tried to jam coins into the meter after placing the piece of paper in the meter.

10. Defendants admit the allegations in paragraph number 10 of the Complaint.

11. Defendants admit the allegations in paragraph number 11 of the Complaint.

12. Defendants admit the allegations in paragraph number 12 of the Complaint.

13. Defendants admit that plaintiff was detained overnight. The defendants lack sufficient knowledge or information to either admit or deny the remaining allegations in paragraph number 13 of the complaint.

14.     Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 14 of the Complaint. To the extent a response is required, defendants deny these allegations and demands strict proof at trial.

15.     Defendants deny that plaintiff did nothing to obstruct or destroy the parking meter. Further answering, defendants admit that the charges against plaintiff were dismissed on July 18, 2005.

16.     Defendants deny the allegations contained in paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.     The allegations contained in paragraph number 18 of the Complaint are directed to defendant ACS and no response is necessary. To the extent a response is required, defendants deny these allegations and demands strict proof at trial.

19.     Defendants deny the allegations contained in paragraph 19 of the Complaint.

20.     No response is required to the averment set forth in paragraph number 20 of the complaint.

21.     The allegations contained in paragraph number 21 of the Complaint are directed to defendant ACS and no response is necessary. To the extent a response is required, defendants deny these allegations and demands strict proof at trial.

### Count I: False Imprisonment (All Defendants)

22.     The responses set forth in paragraphs 1–21 are incorporated herein by reference.

23.     Defendants deny the allegations set forth in paragraph number 23 of the complaint.

24.     Defendants deny the allegations set forth in paragraph number 24 of the complaint.

### Count II: False Arrest (All Defendants)

25. The responses set forth in paragraphs 1-24 are incorporated herein by reference.

26. Defendants deny the allegations set forth in paragraph number 26 of the complaint.

27. Defendants deny the allegations set forth in paragraph number 27 of the complaint.

### Count III: Intentional Infliction of Emotional Distress (All Defendants)

28. The responses set forth in paragraphs 1-27 are incorporated herein by reference.

29. Defendants deny the allegations set forth in paragraph number 29 of the complaint.

30. Defendants deny the allegations set forth in paragraph number 30 of the complaint.

### Count IV: Defamation *Per Se* (Defendants ACS)

31. The responses set forth in paragraphs 1-30 are incorporated herein by reference.

32.-35. The allegations contained in paragraphs numbered 32-35 of the complaint are directed to defendant ACS and no response is necessary. To the extent a response is required, defendants deny these allegations and demands strict proof at trial.

### Count V: False Light (Defendant ACS)

36. The responses set forth in paragraphs 1-35 are incorporated herein by reference.

37.-40. The allegations contained in paragraphs numbered 37-40 of the complaint are directed to defendant ACS and no response is necessary. To the extent a response is required, defendants deny these allegations and demands strict proof at trial.

**Count VI: Deprivation of Civil Rights 42 U.S.C. Section 1983 Violation of Due Process**
**(All Defendants)**

41.   The responses set forth in paragraphs 1-40 are incorporated herein by reference.

42.   Defendants deny the allegations contained in paragraph number 42 of the Complaint.

43.   Defendants deny the allegations contained in paragraph number 43 of the Complaint.

44.   Defendants deny the allegations contained in paragraph number 44 of the Complaint.

Further answering the complaint, these defendants deny all allegations and assertions of wrongdoing not specifically admitted and otherwise answered.

**Third Defense**

Plaintiff may have failed to comply fully with the mandatory notice requirements of D.C. Official Code 12-309 (2001 ed.).

**Fourth Defense**

If plaintiff was injured and/or incurred damages as alleged in the Complaint, such injuries and/or damages were the result of her sole and/or contributory negligence and/or her assumption of risk and/or the acts of a third party.

**Fifth Defense**

Plaintiff may have failed to mitigate her damages.

**Sixth Defense**

The statute of limitations and/or the doctrine of laches may bar this action.

**Seventh Defense**

Defendants' actions were not the proximate cause of plaintiff's injuries.

**Eighth Defense**

If plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages were not caused by a breach of duty owed plaintiff by these defendants.

**Ninth Defense**

If plaintiff was injured and/or damaged as alleged in the Complaint, then such injuries and/or damages were caused by superseding causes not within the defendants' control.

**Tenth Defense**

At all times relevant and appropriate, the defendants have fulfilled any and all legal obligations that may have been owed to the plaintiff.

**Eleventh Defense**

The actions taken toward the plaintiff by the defendants were only such actions as were reasonable, lawful, and/or necessary under the circumstances.

**Twelfth Defense**

There was probable cause to arrest plaintiff at the scene of the incident.

**Thirteenth Defense**

The alleged acts were not so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**Fourteenth Defense**

Plaintiff cannot establish that any District custom, practice, and/or policy was the moving force behind her alleged injuries.

**Fifteenth Defense**

Defendants Carter and Boone are entitled to qualified immunity and/or a privilege for their complained-of actions.

**SET-OFF**

Defendant District claims a set-off for any and all funds paid to plaintiff by Medicaid or other forms of public assistance.

Defendants reserve the right to amend their Answer should facts learned in discovery so warrant.

WHEREFORE, having fully answered, defendants urge the Court to dismiss the Complaint with prejudice and award costs and attorney's fees to defendants.

>	Respectfully submitted,
>
>	ROBERT J. SPAGNOLETTI
>	Attorney General for the District of Columbia
>
>	GEORGE C. VALENTINE
>	Deputy Attorney General, Civil Litigation Division
>
>	_____\s_____
>	PATRICIA A. JONES [428132]
>	Chief, General Litigation Sec. IV

By:	_____\s_____
	MICHAEL P. BRUCKHEIM [455192]
	Assistant Attorney General
	441 4TH Street, NW, 6th Floor-South
	Washington, D.C. 20001
	202-724-6649; 202-727-6295
	E-mail: Michael.bruckheim@dc.gov