UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEFRETITI MAKENTA, | : |
| Plaintiff, | : |
| v. | : |
| | : Civil Action No: 06-1093 (JR) |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| Defendant. | : |

**DEFENDANT KENNETH BOONE'S ANSWER TO THE COMPLAINT**

Defendant Kenneth Boone answers the Complaint with particularity and in like-numbered paragraphs as follows:

**First Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

1. Defendant admits the existence of the statutes cited in paragraph number 1 of the Complaint, but denies that jurisdiction is conferred upon this Court solely by reason thereon.

2. Defendant admits that he is employed in the District of Columbia and the incidents set forth in plaintiff's Complaint allegedly occurred in the District of Columbia. Further answering, this defendant denies that venue is conferred upon this Court solely by reason thereof.

3. Defendant lacks sufficient knowledge or information to either admits or denies the allegations contained in paragraph number 3 of the Complaint. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

4. Defendant lacks sufficient knowledge or information to either admits or denies the allegations contained in paragraph number 4 of the Complaint.

5. Defendant admits the allegation in paragraph number 5 of the complaint.

6. Defendant admits that David Carter was a police officer with the District of Columbia Metropolitan Police Department as alleged in paragraph number 6 of the complaint. No response is required as to the capacity in which he is sued.

7. Defendant admits that Kenneth Boone was a police officer with the District of Columbia Metropolitan Police Department as alleged in paragraph number 7 of the complaint. No response is required as to the capacity in which he is sued.

8. Defendant lacks sufficient knowledge or information to either admits or denies the allegations contained in paragraph number 8 of the Complaint. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

9. Defendant admits that plaintiff visited a nearby street vendor, but lacks sufficient knowledge or information to either admit or deny what her motivations for visiting the vendor were and/or whether she obtained any change from the vendor. Further answering, defendant denies that plaintiff immediately deposited a coin into the parking meter, but instead asserts that plaintiff put a piece of paper into the parking mete. Further answering, defendant admits that plaintiff tried to jam coins into the meter after placing the piece of paper in the meter.

10. Defendant admits the allegations in paragraph number 10 of the Complaint.

11. Defendant admits the allegations in paragraph number 11 of the Complaint.

12. Defendant admits the allegations in paragraph number 12 of the Complaint.

13. Defendant admits that plaintiff was detained overnight. The defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph number 13 of the complaint.

14. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 14 of the Complaint. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

15. Defendant denies that plaintiff did nothing to obstruct or destroy the parking meter. Further answering, defendant admits that the charges against plaintiff were dismissed on July 18, 2005.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. The allegations contained in paragraph number 18 of the Complaint are directed to defendant ACS and no response is necessary. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. The allegations set forth in paragraph 20 are the conclusions of the pleader to which no response is required to the averment.

21. The allegations contained in paragraph number 21 of the Complaint are directed to defendant ACS and no response is necessary. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

### Count I: False Imprisonment (All Defendants)

22. The responses set forth in paragraphs 1–21 are incorporated herein by reference.

23. Defendant denies the allegations set forth in paragraph number 23 of the complaint.

24. Defendant denies the allegations set forth in paragraph number 24 of the complaint.

### Count II: False Arrest (All Defendants)

25.  The responses set forth in paragraphs 1-24 are incorporated herein by reference.

26.  Defendant denies the allegations set forth in paragraph number 26 of the complaint.

27.  Defendant denies the allegations set forth in paragraph number 27 of the complaint.

### Count III: Intentional Infliction of Emotional Distress (All Defendants)

28.  The responses set forth in paragraphs 1-27 are incorporated herein by reference.

29.  Defendant denies the allegations set forth in paragraph number 29 of the complaint.

30.  Defendant denies the allegations set forth in paragraph number 30 of the complaint.

### Count IV: Defamation *Per Se* (Defendant ACS)

31.  The responses set forth in paragraphs 1-30 are incorporated herein by reference.

32.-35. The allegations contained in paragraphs numbered 32-35 of the complaint are directed to defendant ACS and no response is necessary. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

### Count V: False Light (Defendant ACS)

36.  The responses set forth in paragraphs 1-35 are incorporated herein by reference.

37.-40. The allegations contained in paragraphs numbered 37-40 of the complaint are directed to defendant ACS and no response is necessary. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

**Count VI: Deprivation of Civil Rights 42 U.S.C. Section 1983 Violation of Due Process**
**(All Defendant)**

41.	The responses set forth in paragraphs 1-40 are incorporated herein by reference.

42.	Defendant denies the allegations contained in paragraph number 42 of the Complaint.

43.	Defendant denies the allegations contained in paragraph number 43 of the Complaint.

44.	Defendant denies the allegations contained in paragraph number 44 of the Complaint.

Further answering the complaint, this defendant denies all allegations and assertions of wrongdoing not specifically admitted and otherwise answered.

**Third Defense**

If plaintiff was injured and/or incurred damages as alleged in the Complaint, such injuries and/or damages were the result of her sole and/or contributory negligence and/or her assumption of risk and/or the acts of a third party.

**Fourth Defense**

Plaintiff may have failed to mitigate her damages.

**Fifth Defense**

The statute of limitations and/or the doctrine of laches may bar this action.

**Sixth Defense**

Defendant's actions were not the proximate cause of plaintiff's injuries.

### Seventh Defense

If plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages were not caused by a breach of duty owed plaintiff by this defendant.

### Eighth Defense

If plaintiff was injured and/or damaged as alleged in the Complaint, then such injuries and/or damages were caused by superseding causes not within the defendant's control.

### Ninth Defense

At all times relevant and appropriate, the defendant has fulfilled any and all legal obligations that may have been owed to the plaintiff.

### Tenth Defense

The actions taken toward the plaintiff by the defendant were only such actions as were reasonable, lawful, and/or necessary under the circumstances.

### Eleventh Defense

There was probable cause to arrest plaintiff at the scene of the incident.

### Twelfth Defense

The alleged acts were not so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**Thirteenth Defense**

Plaintiff cannot establish that any District custom, practice, and/or policy was the moving force behind her alleged injuries.

**Fourteenth Defense**

Defendant Boone is entitled to qualified immunity and/or a privilege for the complained-of actions.

Defendant reserves the right to amend his Answer should facts learned in discovery so warrant.

WHEREFORE, having fully answered, defendant urges the Court to dismiss the Complaint with prejudice and award costs and attorney's fees to defendant.

>Respectfully submitted,
>
>LINDA SINGER
>Acting Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General, Civil Litigation Division
>
>_____\\s\\_____
>PATRICIA A. JONES [428132]
>Chief, General Litigation Sec. IV
>
>By:    _____\\s\\_____
>MICHAEL P. BRUCKHEIM [455192]
>Assistant Attorney General
>441 4TH Street, NW, 6th Floor-South
>Washington, D.C. 20001
>202-724-6649; 202-727-6295
>E-mail: Michael.bruckheim@dc.gov