# Exhibit 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NEFRETITI MAKENTA,                                    :
                                                      :
      Plaintiff,                               :
                                                      :
v.                                                    :
                                                      :    Civil Action No: 06-1093 (JR)
DISTRICT OF COLUMBIA, *et al.*,                       :
                                                      :
      Defendants.                              :
_____ :

## DEFENDANT DISTRICT OF COLUMBIA'S INTERROGATORIES TO PLAINTIFF

TO:    Nefretiti Makenta
       c/o Donald Temple, Esq.
       Temple Law Offices
       1229 15th Street, NW
       Washington, DC 20005

       These interrogatories and requests for production of documents are directed to the party or

parties identified above.  Each party so identified is directed to answer each interrogatory separately,

and under oath.  <u>Your answers must include knowledge or information in the possession of your

agents, representatives and attorneys.</u>  Where information provided is not within your personal

knowledge, your response may indicate that the information is being provided upon information and

belief.  A copy of your answers to these interrogatories and any documents or items requested <u>must

be served</u> on the attorney for Defendant District of Columbia <u>within thirty (30) days after service

hereof.</u>

       a.     These interrogatories and requests are continuing in character, so as to require the

filing of supplemental answers and documents if further or different information or documents are

obtained prior to trial.

b.      The term "person" includes individuals, corporations and other entities. Where the name or identity of a person is requested, please state full name, home address, business address and telephone number. When an answer is made by a corporation or other legal entity, state the name, address and title of the person supplying the information, and making the affidavit, and the source of his/her information.

c.      Unless otherwise indicated, these interrogatories and requests refer to the time, place and circumstances of the occurrence mentioned or complained of in the complaint.

d.      If you cannot answer fully after conducting a reasonable investigation, please so state and answer to the extent that you can, stating what information you do have and the efforts you made to obtain the further information.

## **INTERROGATORIES**

1.      State your full name, residence addresses since age 28, date and place of birth, social security number, driver's license number, all names by which you have been known, and the reasons for the name changes.

2.      If you have ever been arrested, detained and/or convicted or adjudicated for the alleged commission of a felony, crime, offense or misdemeanor (including juvenile and traffic offenses), please state all the details of such incident (e.g., the time, date and location of each such arrest or detention; the specific charges for which you were arrested or detained on each such occasion; the court action number and the particular court where the action was filed; the particular charges which were the subject of each such court action; and the disposition of each).

3.      Beginning in June 1999, list your entire employment history and other income producing activities in chronological order, with the full name, address and telephone number of each employer or other business relationship, your duties and responsibilities, average weekly

2

wages or earnings, whether you were disciplined for any reason, and the reason each employment or other business relationship was terminated. Execute the attached authorization form.

4.      If you have ever been physically or mentally ill or suffered any other physical mental disability or injury, including treatment of use, dependency or abuse of alcohol or drugs, prior to or subsequent to the date of the occurrence mentioned in the complaint, describe each illness, disability or injury in detail (e.g., the nature of the illness, disability or injury and the date or dates during which such illness, disability or injury existed; the circumstances surrounding the occurrence of such illness, disability or injury; the names, addresses and telephone numbers of all doctors, surgeons, psychiatrists, chiropractors, optometrists, dentists, counselors or podiatrists who may have seen, examined or treated you for such illness, disability or injury; and, if x-rays were taken of any portion of your body, which have not been the subject of answers to other interroga-tories of this set, state the date when said x-rays were taken and the names and addresses of the persons or institutions conducting said x-ray examination). Execute the attached authorization form.

5.      Aside from the specific claims asserted in this lawsuit, describe completely any claim or lawsuit, including claims for worker's compensation or other benefits, you have ever made or filed, or which was made or filed on your behalf, whether or not arising out of personal injury (e.g. the nature and amount of the claim: the identity(s) of the party(s) against whom the claim was made; the year, month (and day, if available) of the claim; if a lawsuit, the court and caption; and, the disposition of the claim). Provide copies of all documents relating to such claims or lawsuits.

6.      If you consumed any alcoholic beverages and/or drugs at any time during the twenty-four (24) hour period preceding the occurrence described in the complaint, please state all

details of such consumption (e.g., the type of beverage and/or drug(s); the quantity consumed; the

time or times each type of beverage or drug was consumed; the location where each beverage or

drug was consumed; and the identities and addresses of any persons who could corroborate your

response).

       7.      State in your own words exactly and in detail how the incident occurred (e.g. your

observations of the physical movements of each person or object involved, what each person said

and  to whom each statement was made (if you do not recall exact wording, state the content of such

statement), the exact wording of all statements made by yourself, and the identity of the person to

whom said statements were made, your physical movements and the time that each of the above

actions and/or statements occurred).

       8.      Identify by name, address and telephone number of each witness to the event, (or

describe if the identity is unknown), each law enforcement officer (with badge number), companion

or associate of yours, any uninvolved witness on the scene, and furnish the exact words (or, if you

cannot recall, the content of statements made) and actions taken by each such witness shortly

before, during and after the incident.

       9.      Identify by name, and/or badge number each law enforcement officer, or describe in

detail the physical appearance of each law enforcement officer, who you allege detained you on the

date of the incident in question.

       10.     Describe in detail your basis for suing Officers Carter and Boone in their official

and/or individual capacity and describe each action that Carter and Boone took as officers of the

Metropolitan Police Department related to the occurrence in question that subjects them to liability.

Attach all documents that relate to this interrogatory.

11.    If you suffered any injury as a result of the incident referred to in the complaint, describe fully the injury(s) and if you are claiming that any such injuries are permanent, give complete details (e.g., the nature of said permanency and the disability claimed to result therefrom; the physical activities you are now prevented from performing as the result of said injuries and which injury limits each of the referred to physical activities; and the name, address and telephone number of the person or persons you intend to rely upon to support the allegations of permanency). Provide copies of all documents, which relate to the injury and your claim of permanency.

12.    List in detail any psychological examinations, care or treatment you have received which you attribute to the incident in question, the name, address and telephone number of each therapist, psychologist, counselor or the like, results of any tests, diagnosis, course and dates of treatment, course of treatment, date you reached an endpoint, and when and whether you have been released from care.

13.    Itemize all medical, hospital, doctor, physical therapy, health care provider and counseling bills and expenses, lost wages and earnings, and any other past or future losses, expenses, and other out-of-pocket payments attributable to the event.

14.    Describe in detail the basis of your claim that the District of Columbia and Officers Carter and Boone violated your civil rights under 42 U.S.C. § 1983, as alleged in Count VI of your complaint including but limited to the factual support you intend to introduce to prove this claim, the evidence of the custom or practice of the District of Columbia that violated your civil rights, the witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

5

15.    Describe in detail the basis of your claim that the District of Columbia and Officers Carter and Boone falsely imprisoned you, as alleged in Count I of your complaint, including but limited to the factual support you intend to introduce to prove this claim, the evidence to support your claim that you were falsely imprisoned, the witnesses you intend to call to support this claim and the substance of their likely testimony and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

16.    Describe in detail the basis of your claim that the District of Columbia and Officers Carter and Boone falsely arrested you, as alleged in Count II of your complaint, including but limited to the factual support you intend to introduce to prove this claim, the evidence to support your claim that you were falsely arrested, the witnesses you intend to call to support this claim and the substance of their likely testimony and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

17.    Describe in detail the basis of your claim that the District of Columbia and Officers Carter and Boone intentionally inflicted emotional distress upon you, as alleged in Count III of your complaint, including but not limited to, the names of the Metropolitan Police Department officers that intentionally caused severe emotional distress to the plaintiff, the evidence to support the plaintiff's claim of this emotional distress, and the witnesses you intend to call to support this claim and the substance of their likely testimony. Attach all documents related to this interrogatory.

18.    To the extent not described in your answers to other interrogatories, state the actual wording or substance of all oral statements made by any employee or agent of the District of Columbia concerning the events alleged in the complaint, including in your answer the time and location of such statement, the identity of the person who made each such statement, the identity of the person(s) to

6

whom each said statement was made, and, describe the circumstances under which each such statement was made.

19.    If you are making a claim for loss of wages or other income as a result of the occurrence referred to in the complaint: state the amount claimed and how that amount was calculated or arrived at, including the dates or periods to which the claim pertains; include the amount of money you have received on paid leave status and the amount of any money you expect to receive from any disability status, and, provide copies of any documents relating to said claim.

20.    If you have filed for disability compensation or worker's compensation as a result of the occurrence alleged in the complaint, state the complete details of such claim, including the date the claim was filed, who the claim was filed with, the amount of compensation you have received from this claim and the resolution of the claim.

21.    State the substance of all defenses you raised in the criminal matter that arose from this incident and identified as case number M-3530-05, including whether you filed any motions to suppress evidence.

22.    Identify by name and address each person whom you expect or intend to call as an expert witness at the trial of this action.   For each identified person, please state:

(a) His/her education, qualifications and background.

(b) The subject matter on which he/she is expected to testify.

(c) The substance of facts about which such expert will be expected to testify.

(d) The contents of all opinions to which he/she will be expected to testify.

(e) The costs for deposition.

(f) And attach a completed and signed W-9 for each expert identified.

Respectfully submitted:

LINA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

MICHAEL BRUCKHEIM [455192]
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001
(202) 724-6649; (202) 727-6295
(202) 727-3625 (fax)
E-mail: Michael.Bruckheim@dc.gov;

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of February, 2007, true copies of the foregoing

Defendant District of Columbia's Interrogatories and Requests for the Production of

Documents were sent via first class mail, postage prepaid to:

Donald Temple, Esq.
Temple Law Offices
1229 15th Street, NW
Washington, DC 20005
Counsel for Plaintiff

Frederick D. Cooke, Jr., Esq.
1155 Connecticut Avenue, NW
Suite 600
Washington, DC 20036-4324
Counsel for Defendant Affiliated Computer Services

Michael P. Bruckheim
Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NEFRETITI MAKENTA,                          :
                                            :
      Plaintiff,                     :
                                            :
v.                                          :
                                            :          Civil Action No: 06-1093 (JR)
DISTRICT OF COLUMBIA, *et al.*,             :
                                            :
      Defendants.                    :
_____:

## DEFENDANT DISTRICT OF COLUMBIA'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendants pursuant to Fed. R. Civ. P. 34, request that the plaintiff produce or permit, through its attorney, to inspect, copy and photograph all documents and things in the plaintiff's possession, custody or control which embody, refer to, or relate to in any way to the allegations set forth in the Complaint, and as identified below.

As used herein, documents and things shall include all types of recorded information, including, but not limited to, writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form.

The defendant requests that the documents and things herein requested be produced at the offices of the defendant's attorney, Michael Bruckheim, Assistant Attorney General, 441 Fourth Street, NW, Sixth Floor South, Washington, D.C. 20001, on the 30th day after service of this request, except that compliance with this request may be made by mailing copies of such documents

10

to the defendants' attorney, such mailings to be postmarked prior to the 30th day following service of said request.

    1.    All medical records, surgical records, mental records, financial records, bills, invoices, writings, notes, or memoranda relating in any way to all of the plaintiff's physical, mental or medical condition, illnesses, or disabilities, including but not limited to those of doctors, nurses, practitioners, hospitals, clinics, institutions, or other health care providers or third party private or governmental health or accident insurers, without regard to whether it is the plaintiff's contention that such physical, mental, or medical conditions, illnesses or disabilities were caused in any way by the defendant or any agent or employee of the defendant:

        (a)    From April, 2000 up to the time of the occurrence alleged in the complaint;

        (b)    For a period of time commencing on the date of the occurrence alleged in the complaint up to and including the present date.

    2.    With regard to any medical or hospital, counseling or mental health records of the plaintiff referred to in paragraph 1 above which are in existence, but are not physically in the possession or custody of the plaintiff or the plaintiff's attorney, but which are in the plaintiff's control, the defendant requests that the plaintiff execute authorizations to each doctor or hospital where records exist, to allow the defendant to obtain and examine copies of said records.

    3.    All employment records relating in any way to the plaintiff whether employed or self-employed, including the name and address of all employers, the records of the dates absent from work for any reason whatsoever, the records relating to the fact and duration of unemployment, the records of Workmen's Compensation, Disability Compensation, unemployment insurance, welfare and applications for assistance from any governmental agency because of

unemployment or ill health, and all income records from the time the plaintiff reached age twenty-eight (28) up to and including the present date.

     4.     With regard to any employment records referred to in the preceding paragraph which are in existence, but are not physically in the possession or custody of the plaintiff or the plaintiff's attorney, but which are in the plaintiff's control, the defendants request that the plaintiff execute authorizations to allow the defendants to examine and obtain copies of said records.

     5.     All photographs, sketches, or diagrams relating in any way to the allegations set forth in the Complaint.

     6.     All state and federal income tax returns, W-2 forms, and attached schedules:

          (a)     From 2000 up to the time of the occurrence alleged in the complaint;

          (b)     For a period of time commencing on the date of the occurrence alleged in the complaint up to and including the present date.

     7.     Any and all documents referred to or relied upon in responding to this Defendant's Interrogatories to Plaintiff.

     8.     Copies of all expert reports, curriculum vitae, completed and signed W-9 for each retained expert, and proof of costs for deposition of each retained expert.

     9.     Copies of all papers received in discovery for the criminal prosecution of the underlying incident in this case, as identified by case number M-3530-05.

     10.     Copies of all papers filed in your defense in criminal action M-3530-05.

                   Respectfully submitted,

                   LINA SINGER
                   Acting Attorney General for the District of Columbia

                   GEORGE C. VALENTINE
                   Deputy Attorney General, Civil Litigation Division

PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_Michael Bruckheim_

MICHAEL BRUCKHEIM [455192]
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001
(202) 724-6649; (202) 727-6295
(202) 727-3625 (fax)
E-mail: Michael.Bruckheim@dc.gov;

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of February, 2007, true copies of the foregoing

Defendant District of Columbia's Interrogatories and Requests for the Production of

Documents were sent via first class mail, postage prepaid to:

Donald Temple, Esq.
Temple Law Offices
1229 15th Street, NW
Washington, DC 20005
Counsel for Plaintiff

Frederick D. Cooke, Jr., Esq.
1155 Connecticut Avenue, NW
Suite 600
Washington, DC 20036-4324
Counsel for Defendant Affiliated Computer Services

_Michael P. Bruckheim_

Michael P. Bruckheim
Assistant Attorney General

13