**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **NEFRETITI MAKENTA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No: 06-1093 (JR)** |
| | ) | |
| **DISTRICT OF COLUMBIA,** *et al*. | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**PLAINTIFF'S STATEMENT OF GENUINE ISSUES OF**
**MATERIAL FACTS IN DISPUTE[1]**

1.      Based upon the adduced record herein, ACS surveillance and observation of this alleged criminal behavior remains at issue.    Indeed, while Officer David Carter ("Carter") testified that he saw plaintiff putting "objects" in the meter, he had no personal knowledge as to what those objects were.    He stated:  "I just did not know what was actually being put in the meter."  Exhibit 1, Dep.  David Carter, at 37: 19-22.

2.      Carter testified that ACS employee, Aaron Gamble ("Gamble"), who was part of the surveillance team, told him that he actually observed plaintiff putting "paper" in the meter to render it inoperable. *Id.,* at 48: 16-21; 49: 14-17

3.      The record does not establish that both Gamble and Paul Hudson ("Hudson") checked all the meters.    Exhibit 2 Aaron Gamble Dep. at 45-46 .    Aaron

_____

[1] Plaintiff notes that Defendant's statement of material facts not in dispute fails to allege that Defendant observed Plaintiff insert paper into the meter.  Plaintiff essentially disputes paragraphs 2, 3, 4, 5 and 6. Plaintiff's statement of facts dispute Defendants' statement as follows: Defendant's paragraphs 3 and 4 respond to paragraph 2.  Paragraph 1, 2, and 9 responds to Defendant's paragraph 3. Paragraphs 5 and 11 respond to Defendant's paragraph 4.  Paragraphs 1, 3, 4, and 5 respond to Defendant's paragraph 5. Paragraph 8 responds to paragraph 6.

also did not remember how the meters were checked.  When asked this question, Officer

Carter indicated that he was unsure:   Q.   Do you know if you and Aaron (ACS) checked

the meters on the side of the street where incident occurred with Ms. Makenta.  A. No, I

can't say that for sure.  Q.  Ok, so you don't know whether you and Aaron were on one

side or whether Paul was on that side, is that correct?  A. That's correct.  *Id*. at 50.

4.      There is no evidence in the record which confirms that the meter of issue was

checked by either Gamble or Hudson.  Gamble testified that he could not recall whether

the meter at issue was a meter that he personally inspected.   Exhibit 2, Gamble Dep. at

82: 3-11.  Carter did not confirm or verify Aaron's inspections of any meters.  He only

"assumed" that he did. *Id,* at 86:  10-21.

5.      No paper was ever produced during either the criminal procedure nor during this

civil procedure.  Plaintiff in her request for production of documents requested same.

Exhibit 3 Makenta Dep. at 57: 1-6.

6.       Although he says that he opened the meter and the paper, Carter could not

describe any basic features about this piece of paper.   He could not say whether it was

eight by eleven, whether it was white, or whether it was thick or thin.  Exhibit 1, Carter

Dep. at 39: 18-22 and 40:1-4.   To add a further cloud over this issue, Officer Carter's

PD81, (property record), indicates that there were two pieces of paper.  *Id.* at 40:21-22,

41:1-3.

7.      According to Makenta, she parked her vehicle and then proceeded to the nearby

vendor, who was located about two car lengths away on the same side of  the street.

Exhibit 3, Makenta Dep.  at 12-13: " Specifically, I asked him if he had anything for a

quarter because I only actually –I was only going to get him to get change, and I told him

that. *Id,* at 13: 16-21. Makenta purchased a blow-pop and received seventy-five cents change: two quarters, two dimes and one nickel. *Id,* at 14: 1-3, 10-18.

8.      According to Gamble, it was at that time that Makenta inserted the paper into the meter;  she appeared to make a movement like a "tearing mode" and he saw the placement of "something" into the meter. Exhibit 2, Gamble Dep. at 57: 4-14. 65:4-10. Gamble did not  even recall a hot dog stand being on the same side of the street on which the incident occurred. *Id.* at 60:15-22.

9.      Gamble admits that he could not see the meter's response to  Plaintiff's actions and thus he did not observe that it stated "fail"  *Id.* at 72: 2-3

10.      He also admits that there is some type of change in the meter. *Id.* 72: 2-3

11.      Gamble testified that he observed paper in the meter from an external observation and stated that officer Carter observed the paper. *Id.* at 74: 19-22.  He also suggests that the paper was observed in the coin track on the front end, that at the entry. *Id.,* at 109:6 Gamble does not recall the color of the paper. *Id.*  at 77: 17-19.  He does not remember whether it was folded or even whether it was torn.  *Id,* at 117: 6-18

12.      Plaintiff testifies otherwise.  After securing change from the vendor, she walked to the meter and tried to put a quarter in the meter.  The quarter became stuck at which time she attempted to use one of the other quarters to "try to push the quarter in, down." Exhibit 3, Makenta Dep. at 14:19-22 and 15:1-7.  The quarter remained stuck and the meter failed.  Id., at 15:8-20.  It was then that Plaintiff walked away.   Moreover, according to Makenta there was a quarter in the entry of the meter rather than paper.  Id. at 23: 16-22, 24:1-16.

Respectfully submitted,

_____/s/_____
Donald M. Temple # 408749
TEMPLE LAW OFFICES
1229 15th Street, NW
Washington, D.C. 20005
(202)628-1101

Counsel for Plaintiff