**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

NEFRETITI MAKENTA,            :
                             :
       Plaintiff,        :
                             :
   v.                  :  Civil Action No. 06-1093 (JR)
                             :
AFFILIATED COMPUTER SERVICES, *et* :
*al.*,                      :
                             :
       Defendants.       :

**MEMORANDUM**

The only federal claim remaining in this case (after the dismissal of the District of Columbia defendants) is that, by allegedly helping the police to apprehend meter vandals, agents of Affiliated Computer Services ("ACS") acted "under color of state law," and can thus be liable under 42 U.S.C. § 1983 for the constitutional tort of false arrest without probable cause.  That claim must be rejected as a matter of law.

*West v. Atkins*, 487 U.S. 42 (1998), and *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982), hold that, in order to demonstrate state action, "'the deprivation must be caused by the exercise of some right or privilege created by the State . . . *or by a person for whom the State is responsible*,'" and "'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *West*, 487 U.S. at 49 (emphasis added).  Plaintiff has not shown or attempted to show that the District was "responsible" for those actions of ACS employees which allegedly led to plaintiff's arrest.

The more expansive language of *United States v. Price*, 383 U.S. 787 (1966), cannot be applied to the facts of this case. In *Price*, the Court said:

> Private persons, *jointly engaged* with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute.  To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in *joint activity* with the State or its agents.

*Id.* at 794 (emphasis added).  In that case, however, the private citizens were held liable for *conspiring* with police officers to assault and kill three men immediately following their release from jail.  *Id.* at 790.  The private actors were held to be within the scope of federal civil rights statutes because they acted in a concerted design with agents of the state to *intentionally* deprive others of their civil rights.  Nothing of that sort is alleged here.

Plaintiff's claim is that an ACS employee assisting in an investigation of meter vandalism provided information to a District police officer in reckless disregard of whether that information was true, and that this information resulted in plaintiff's false and unlawful arrest.  She alleges no conspiracy.  The only act immediately connected to her injury is the arrest itself – an action taken by the officer, not by the ACS employee – and the only "responsibility" of the District of Columbia with regard to that arrest was to ensure that it was

- 2 -

based upon probable cause.  In the absence of conspiracy facts
such as those in *Price*, that responsibility extended only to the
actions of its agents, and not to the eye-witness accounts of
private citizens.

In *West*, the case upon which plaintiff principally
relies, the Supreme Court held that a medical professional under
contract to provide services to a prison could be treated as
state actor.  The medical professional was the essential carrier
of the state's responsibility to care for the health and safety
of its prisoners; he was providing medical services directly to
them.  He was "a person for whom the state [was] responsible,"
487 U.S. at 49.  Here, the ACS employees were not persons for
whom the District was responsible.

In the absence of a viable federal claim, I am free to
decline to exercise supplemental jurisdiction, *see* 28 U.S.C.
§ 1367(c)(3), and in this case I will do so, because what remains
of plaintiff's case seem likely to raise a novel and undecided
question of District of Columbia law if it proceeds further.  *See*
28 U.S.C. § 1367(c)(1).  Plaintiff alleges that an ACS employee
gave false information to a District police officer with
sufficient recklessness that his actions constituted malice and
ill will.  Complaint [Dkt. 1] at ¶ 21.  An informer who *knowingly*
gives false information leading to an unlawful arrest can be held
liable for a false arrest claim.  *Vessels v. District of*

- 3 -

*Columbia*, 531 A.2d 1016, 1020 (D.C. 1987).  But whether the *reckless* provision of false information is sufficient for a claim of false arrest, even if it is malicious, is not only an open question but one that has been expressly reserved.  *Id.* at 1020 n.13.  ("Specifically, we do not rule on the question whether the cause of action will lie when, as in appellant's complaint, the defendant's action is labeled "malicious" but not necessarily knowing.").[1]

An appropriate order accompanies this memorandum.


JAMES ROBERTSON

United States District Judge

---

[1]    Indeed, if I were to exercise supplemental jurisdiction and this open question turned out to be dispositive, the issue would have to go first to our Court of Appeals and then across the street to the District of Columbia Court of Appeals – a procedure that would take about two years.  *See, e.g.*, *Johnson v. Washington Metropolitan Area Transit Authority*, 98 F.3d 1423 (D.C. Cir. 1996) (certifying question to D.C. Court of Appeals where "a question of District of Columbia law will be determinative."); *see also* D.C. Code § 11-723.